UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

          - v. -                  :   08 Cr. 340 (PAC)

KALAEF BROWN,                     :
          a/k/a "Bob King,"
          a/k/a "Milton Williams," :
          a/k/a "Roy Kelly,"
                                  :
              Defendant.
- - - - - - - - - - - - - - - x


**GOVERNMENT'S MOTION <u>IN LIMINE</u>**




                              MICHAEL J. GARCIA
                              United States Attorney
                              Southern District of New York




REBECCA ROHR
KEVIN PUVALOWSKI
Assistant United States Attorneys

     - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :

            - v. -              :        08 Cr. 340 (PAC)

KALAEF BROWN,                   :
      a/k/a "Bob King,"
      a/k/a "Milton Williams,"  :
      a/k/a "Roy Kelly,"
                                :
            Defendant.
                                :
- - - - - - - - - - - - - - - x

### GOVERNMENT'S MOTION IN LIMINE

        The Government respectfully submits this brief to
provide the defense and the Court notice of certain evidence that
the Government will seek to introduce at trial and to request
rulings in limine prior to opening statements on the
admissibility of such evidence.  At this time, the Government
seeks rulings:

        (1) allowing the Government to cross-examine the
defendant, should he testify, on his prior felony convictions,
pursuant to Federal Rule of Evidence 609(a)(1);

        (2) allowing the Government to cross-examine the
defendant, should he testify, on his use of aliases, pursuant to
Federal Rule of Evidence 608;

        (3) to admit evidence relating to the relationship
between the defendant and a Government witness and the conduct
and statements of the defendant to that witness;

(4) to admit a redacted version of a letter written by the defendant and sent to a witness; and

(5) to admit evidence pursuant to Federal Rule of Evidence 404(b) concerning past gun possession by the defendant, if the defendant claims that he lacked the knowledge, intent, or opportunity to commit the charged offense, or that his possession was a mistake or accident.

## BACKGROUND

The defendant is charged in with possessing a firearm and ammunition as a convicted felon.  The Government presently expects that its evidence at trial will show that in February 2008, the defendant possessed two guns and ammunition while he was staying in an apartment of a woman in the Bronx.

The defendant has four prior felony convictions:

(1) The defendant was convicted on December 30, 1996, in the Circuit Court of the Ninth Judicial Circuit, Osceola County, Florida, for criminal possession of cocaine in the third degree, a felony;

(2) the defendant was convicted of aggravated assault, a felony, on January 13, 2000, in Philadelphia, Pennsylvania, for which he was sentenced to a term of imprisonment of 5 to 10 years;

(3) Also, on January 13, 2000, the defendant was convicted in Philadelphia, Pennsylvania of possessing an

instrument of a crime, a felony, for which he was sentenced to a term of imprisonment of two-and-a-half to five years. The criminal complaint for both convictions on this date states that the defendant attempted to cause the death of a person by shooting him in the stomach with a handgun that the defendant was not licensed to carry; and

(4) the defendant was convicted of carrying a firearm without a license, a felony, on August 24, 2000, in Philadelphia, Pennsylvania, which resulted in a sentence of one year's probation. A certified copy of the criminal complaint indicates that the defendant possessed a firearm that he was not licensed to carry, and the gun had been reported stolen in Florida in 1988.

<u>**DISCUSSION**</u>

I. **The Government Should Be Permitted to Cross-Examine the Defendant Regarding His Three Prior Felony Convictions in Pennsylvania Pursuant to Federal Rule of Evidence 609(a)**

A. <u>Federal Rule of Evidence 609(a)</u>

Federal Rule of Evidence 609(a) allows the introduction of convictions punishable by imprisonment in excess of one year to impeach the credibility of the defendant in a criminal case. The rule specifically provides that any such conviction "shall be admitted if the [trial] court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1). Evidence of prior convictions is subject to a time limit of ten years from the

later of the date of the conviction or the date the defendant was released from confinement relating to that conviction, unless the probative value of the conviction substantially outweighs its prejudicial effect.  See Fed. R. Evid. 609(b).

Courts are afforded wide discretion in assessing the probative value and prejudicial effect of evidence of prior convictions.  See United States v. Pedroza, 750 F.2d 187, 202 (2d Cir. 1984).  In striking a balance between probative value and potential prejudice, courts weigh a number of factors, including: (1) the impeachment value of the prior crime; (2) the date of the conviction; (3) the degree of similarity between the past crime and the charged crime; and (4) the centrality of the defendant's credibility in the instant case.  See Daniels v. Loizzo, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citing United States v. Hayes, 553 F.2d 824, 828 (2d Cir.1977)).

The Second Circuit has stated that fairness requires that the Government have the same opportunity to cross-examine the defendant about his prior criminal conduct as the defendant does with respect to the witnesses against him.  See United States v. Ortiz, 553 F.2d 782, 785 (2d Cir. 1977) (holding that to have allowed defendant, if he chose to take the stand, to appear "pristine" would have been unfair and misleading to the jury).

When a jury is faced with conflicting stories, its central task is to determine who is telling the truth; in those

4

cases, a defendant's credibility on the stand is of "decisive importance." Daniels, 986 F. Supp. at 251. "When a defendant takes the stand and denies having committed the charged offense, he places his credibility directly at issue." United States v. Alexander, 48 F.3d 1477, 1489 (9th Cir. 1995) (finding it "'not surprising that the district court was unwilling to let a man with a substantial criminal history misrepresent himself to the jury, with the government forced to sit silently by, looking at a criminal record which, if made known, would give the jury a more comprehensive view of the trustworthiness of the defendant as a witness.'" (quoting United States v. Cook, 608 F.2d 1175, 1187 (9th Cir. 1979)).

B. Defendant Is Properly Cross-Examined With His Prior Felonies in Pennsylvania

The probative value of the defendant's prior felony convictions in Pennsylvania (aggravated assault, possessing an instrument of a crime, and carrying a firearm without a license) outweigh any prejudicial effect. First, the defendant's prior convictions are probative of his credibility due to their serious nature. See United States v. Reed, 572 F.2d 412, 426 (2d Cir. 1978) (affirming district court's ruling that a defendant's prior convictions of felonious possession of a dangerous weapon, grand larceny, robbery, and assault are admissible under Rule 609(a)).

Second, the defendant was convicted of the offenses in 2000, well within the ten-year time frame of Rule 609(a). In

addition, he was on parole from the January 13, 2000, convictions
while he committed the instant offense.

Third, the similarity between the prior convictions and
the current charge do not warrant exclusion.  See United States
v. Cruz, 343 F. Supp. 2d 226, 233 (S.D.N.Y. 2004) (Marrero, J.)
(admitting conviction for robbery under Rule 609(a) in a felon in
possession of a weapon trial); United States v. Powell, 165 F.
Supp. 2d 1230, 1235-36 (D. Kan. 2001) (admitting facts of prior
aggravated robbery and aggravated burglary conviction to impeach
defendant while finding that prior crimes were "somewhat akin" to
a felon in possession of a weapon charge).  See also United
States v. Moore, 917 F.2d 215 (6th Cir. 1990) (affirming
admission of prior armed robbery conviction in an armed robbery
trial because the credibility of the defendant was "very much in
contention.")

Fourth, the defendant's credibility is central to the
ultimate determination of guilt.  Should the defendant take the
stand, his veracity will be highly significant.  Presumably, the
defendant will testify that he did not possess the firearms and
ammunition, in direct contradiction to the anticipated testimony
of Government witnesses.  As such, the jury will be asked to
believe his story or the prosecution witnesses' version of
events.  "When a defendant offers an innocent explanation he
'opens the door' to questioning into the truth of his testimony,
and the government is entitled to attack his credibility on

cross-examination." <u>United States</u> v. <u>Payton</u>, 159 F.3d 49, 58 (2d Cir. 1998).  <u>See</u> <u>United States</u> v. <u>Causey</u>, 9 F. 3d 1341, 1344 (7th Cir. 1993) (in a felon in possession trial, finding a defendant's credibility to be critically important when the defendant's testimony likely would contradict almost all testimony of prosecution witnesses).

Given the definitive weight of the factors detailed above, the defendant's three prior felony convictions from Pennsylvania should be admitted.  If the defendant takes the stand, his credibility will be a central issue, and his prior convictions of serious offenses bear on that credibility. Further, that the defendant is a convicted felon will already be known to the jury, whether or not he testifies, because it is an element of the charged crime.  Therefore, the Government should be permitted to impeach the defendant with evidence of his prior convictions for aggravated assault, possessing an instrument of a crime, and carrying a firearm without a license.

## II.  The Government Should Be Permitted to Cross-Examine the Defendant about His Use of Aliases if He Testifies

The defendant's criminal history shows several aliases. The defendant's felony convictions in Pennsylvania were in the name of "Bob King" and his felony conviction in Florida was in the name of "Milton Williams, a/k/a Daniel Mackey."  The defendant has a pending narcotics charge in Brooklyn in the name

of "Roy Kelly."  Further, the defendant identifies himself as
"Dave" in his calls from prison.[1]

Rule 608(b) of the Federal Rules of Evidence provides
that a court may, in its discretion, permit cross-examination of
a witness "concerning the witness' character for truthfulness or
untruthfulness . . ."  Cross-examination of a defendant about his
use of aliases is probative of truthfulness.  See Lyda v. United
States, 321 F.2d 788, 793 (9th Cir. 1963) (finding that the use
of false names bears directly upon the witness's veracity: "If a
man lie[s] about his own name, might he not tell other lies?").
A number of district courts in the Second Circuit have held that
the use of false names or identities is a proper subject of
cross-examination.  See Brundidge v. City of Buffalo, 79 F. Supp.
2d 219, 227 (W.D.N.Y.1999) (allowing cross-examination into the
use of aliases); Williams v. McCarthy, 05 Civ. 10230 (SAS), 2007
WL 3125314, at *3 (S.D.N.Y. Oct. 25, 2007) (Scheindlin, J.)
(allowing questioning on cross-examination about the use of
aliases under Rule 608(b)); Young v. Calhoun, No. 85 Civ. 7584,
1995 WL 169020, at *5 (S.D.N.Y. Apr. 10, 1995) (allowing cross-
examination into the use of aliases as stated on a "rap" sheet,
without eliciting facts about the arrests or convictions).

---

[1]  The Government gives notice to the defendant that the
Government may elicit testimony in its case in chief about the
defendant's use of multiple aliases.  The Government expects a
witness to testify that she knew the defendant as both "Dave" and
"Kalaef."  In addition, the defendant told a police officer that
his name was "Bob King."

As the Eighth Circuit noted, "If a man would lie about his name, a jury may reasonably infer that he would lie about other matters, even on the witness stand." United States v. Ojeda, 23 F.3d 1473, 1477 (8th Cir. 1994) (affirming the admission of testimony about aliases on cross-examination). The Government thus requests that it be permitted to cross-examine the defendant, should he take the stand, on his use of aliases.

## III. The Government Should Be Permitted to Introduce Evidence of the Defendant's Conduct and Statements to the Victim in this Case

The Government expects to elicit evidence from a witness in this case, Bernice Brown Shea, about her relationship with the defendant, the incidents in which she saw the firearms in the defendant's possession, and the defendant's conduct towards her and statements made towards her in the three weeks leading to his arrest. Among other things, Ms. Shea will testify that the defendant threatened her, pulled out the two firearms at issue in this case while he was angry, and admitted that he is affiliated with a notorious, violent street gang. In addition, the defendant showed Ms. Shea videos about the criminal activities of the gang. Ms. Shea reported this information to the police, which caused the police to go to Ms. Shea's apartment, arrest the defendant, and seize the firearms.

This testimony is admissible to provide the jury with a complete story and demonstrate context of events relevant to the

charged offense.  See United States v. Inserra, 34 F.3d 83, 89 (2d Cir. 1994).  As the Second Circuit has held:

> [T]he trial court may admit evidence that does not directly establish an element of the offense charged, in order to provide background for the events alleged in the indictment.  Background evidence may be admitted to show, for example, the circumstances surrounding the events or to furnish an explanation of the understanding or intent with which certain acts were performed.

United States v. Gonzalez, 110 F.3d 936, 941-42 (2d Cir. 1997) (quoting United States v. Coonan, 938 F.2d 1553, 1561 (2d Cir. 1991) (quoting United States v. Daly, 842 F.2d 1380, 1388 (2d Cir. 1988)).

Ms. Shea's summary of the events that led her to seek assistance from the police, and that caused police to arrest the defendant, is highly relevant.  The testimony will establish the defendant's possession of the firearms and ammunition and will show the defendant's knowledge and intent.  Further, it will "give coherence to the basic sequence of events that occurred" on the night of the defendant's arrest. See Gonzalez, 110 F.3d at 942 (admitting testimony about a burglary around the corner from the scene of defendant's arrest for context, coherence, and background).  Accordingly, the Government should be permitted to elicit testimony about the defendant's conduct and statements to Ms. Shea prior to the defendant's arrest.

10

**IV.  The Government Should Be Permitted to Introduce a Redacted Version of a Letter Written by the Defendant**

The defendant wrote a letter to Ms. Shea while he was in prison.  <u>See</u> Ex. A.  In this letter, the defendant apologized for harming her when he was drunk.

The Government seeks to admit a redacted portion of the letter, to include statements made by the defendant to Ms. Shea concerning their relationship and his behavior the night before he was arrested, without including the defendant's self-serving statements about the guns recovered in the apartment or about a "case."

The Government seeks to admit the first part of the letter, in which the defendant professes his love for "Mrs. Brown" and states, "I did not mean you no harm what so ever, I as [sic] just have too much to drink, I was that drunk I did not even know what I was doing to you even saying to you, It is not too late to say I am a apologize...."  The Government seeks to redact from the letter the portion that reads: "(All so I want you to know I did not bring no guns in your home I found guns in your home) I am going to take the case, you do not of to worry I will help you.  Love you.  I have to talk to you."

Federal Rule of Evidence 106 provides that when a writing or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part that "ought in fairness to be considered contemporaneously with

11

it." Fed. R. Evid. 106.  "The completeness doctrine does not, however, require the admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999).

Here, the defendant's self-serving statement about finding the guns does not explain or put into context those portions the Government seeks to admit.  The section relating to the guns is self-serving, and concerns a different topic than the earlier statements about harming Ms. Shea and having too much to drink.  The statements about the defendant's "taking the case" are confusing and relate to a different time period than the statements the Government seeks to admit.  Further, the statements about the guns and "taking the case" are not relevant to the earlier statements, nor do they explain them or put them in context.  See United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007) (affirming the admission of a confession that admitted statements about planning a robbery but redacted statements about the execution of the robbery).

**V.  Depending upon the Defense Asserted at Trial, the Government Should Be Allowed to Introduce Three of the Defendant's Prior Convictions Involving Use and Possession of a Firearm under Rule 404(b)**

   A.  <u>Admission of Rule 404(b) Evidence Generally</u>

In the event that the defendant raises claims that he lacked the knowledge, intent, or opportunity to commit the

charged crime, or that his possession of the guns was a mistake or accident, the Government moves in limine to admit evidence under Federal Rule of Evidence 404(b) of the defendant's prior felony convictions of aggravated assault, possessing an instrument of a crime, and carrying a firearm without a license. As set forth below, such evidence is probative, relevant, and admissible in this trial.

> Rule 404(b) provides, in relevant part, that: Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

Fed. R. Evid. 404(b).

> The Second Circuit has set forth the standards for

assessing the admissibility of evidence under Rule 404(b):

> First, the district court must determine if the evidence is offered for a proper purpose, one other than to prove the defendant's bad character or criminal propensity.  If the evidence is offered for a proper purpose, the district court must next determine if the evidence is relevant to an issue in the case, and, if relevant, whether its probative value is substantially outweighed by the danger of unfair prejudice.  Finally, upon request, the district court must give an appropriate limiting instruction to the jury.

United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir. 1992); see also United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) ("[A]ny purpose for which bad-acts evidence is introduced

is a proper purpose so long as the evidence is not offered <u>solely</u> to prove character.") (emphasis in original).  The Second Circuit has taken an "inclusionary" approach to admitting evidence under Rule 404(b), "allowing its admission for any purpose other than to show a defendant's criminal propensity, so long as the evidence is relevant and satisfies the probative-prejudice balancing test of Rule 403 of the Federal Rules of Evidence." <u>United States</u> v. <u>Inserra</u>, 34 F.3d 83, 89 (2d Cir. 1994).

Rule 403 of the Federal Rules of Evidence sets forth a balancing test for evidence that is both probative and prejudicial.  That rule provides that evidence, although relevant, may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403. "'Unfair prejudice' within [Rule 403's] context means an undue tendency to suggest decision on an improper basis commonly, though not necessarily, an emotional one."  Advisory Committee's Notes on Rule 403.  As the Second Circuit explained:

> To be sure, <u>all</u> evidence incriminating a
> defendant is, in one sense of the term,
> "prejudicial" to him:  that is, it does harm
> to him.  It that sense, the more pertinent
> evidence is, the more prejudicial it is.
> What "prejudice" as used in Rule 403 means is
> that the admission is, as the rule itself
> literally requires, "unfair" rather than
> "harmful."

14

United States v. Jiminez, 789 F.2d 167, 171 (2d Cir. 1986)
(emphasis in original); see also United States v. Figueroa, 618
F.2d 934, 943 (2d Cir. 1980) ("Evidence is prejudicial only when
it tends to have some adverse effect upon a defendant beyond
tending to prove the fact or issue that justified its admission
into evidence.").

A "trial court has broad discretion to admit 'other
crimes' evidence under Rule 404(b), and its ruling will not be
overturned on appeal absent abuse of discretion." United States
v. Rosa, 11 F.3d 315, 333-34 (2d Cir. 1993). "To find abuse, the
appellate court must conclude that the district court acted
arbitrarily and irrationally." Pitre, 960 F.2d at 1119.

B.    Gun Possession Cases

In the context of gun possession cases, the Second
Circuit has held that where a defendant raises a claim that he
lacked the knowledge, intent, or opportunity to commit the
charged crimes, the Government is permitted to introduce evidence
of the defendant's prior possession of a gun.  See United States
v. Jamison, 299 F.3d 114, 121 n.3 (2d Cir. 2002) (holding that
when the defendant's intent to commit a robbery and possess a gun
illegally are at issue, the district court properly admitted
evidence of the defendant's prior armed robbery as evidence of
the defendant's intent to commit the charged crimes); see also
United States v. Slaughter, No. 03 Cr. 455, 2004 WL 856323 at *1-
2 (S.D.N.Y. Apr. 20, 2004) (Keenan, J.) (in a gun possession

15

case, admitting evidence of prior convictions for gun possession under Rule 404(b)).

Several other circuit courts agree that evidence of prior gun possession is relevant to show a defendant's knowledge, intent, and absence of mistake. See United States v. King, 254 F.3d 1098, 1100 (D.C. Cir. 2001) ("[I]n cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged."); United States v. Davis, 154 F.3d 772, 779-80 (8th Cir. 1998) (holding that evidence of prior arrest for possession of a firearm – even if factually distinct from the events in the firearm case at issue -- is admissible to prove knowledge); United States v. Mills, 29 F.3d 545, 549 (10th Cir. 1994) ("Use of prior acts to show knowledge is a proper purpose under Rule 404(b) and knowledge is relevant to establish scienter for [a] possession of a firearm violation."); United States v. Gomez, 927 F.2d 1530, 1534 (11th Cir. 1991) (holding that a prior conviction of possession of firearms was relevant to current charge of possession of firearm to rebut a claim that the current firearm possession was for an "innocent purpose" or "was mere accident or coincidence"); United States v. Davis, 792 F.2d 1299, 1305 (5th Cir. 1986) (holding that evidence of a defendant's prior possession of the same weapons was admissible to establish that his charged possession was knowing).

16

The admission of extrinsic evidence concerning a defendant's prior conduct is particularly appropriate where the defendant's state of mind – such as the question of knowledge, intent or opportunity – is at issue:

> Federal Rule of Evidence 404(b) . . . generally prohibits the introduction of extrinsic acts that might adversely reflect on the actor's character, unless the evidence bears upon a relevant issue in the case such as motive, opportunity, or knowledge.  Extrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct.

Huddleston v. United States, 485 U.S. 681, 685 (1988).

C.    Discussion

The Government, of course, does not know what defense will be asserted at trial. In the event that the defense puts at issue the defendant's knowledge, intent, and opportunity, and absence of mistake or accident, then the Government reserves the right to seek admission of the defendant's three prior felony convictions in Pennsylvania: aggravated assault, possessing an instrument of a crime, and carrying a firearm without a license. The defendant may advance the theories that he was merely present in the apartment where the guns were recovered, and that he did not knowingly possess those guns.  With respect to such defenses, the defendant's knowledge and intent will be in issue.  "When the defendant disavows awareness that a crime was being perpetrated, and the government bears the burden of proving the defendant's

17

knowing possession as an element of the crime, knowledge is properly put in issue." United States v. Ramirez, 894 F.2d 565, 568 (2d Cir. 1990). "Where a defendant claims that he was merely present, introducing a prior crime to prove knowledge and intent presents 'a classic use of similar act evidence.'" United States v. Greo, No. 85 Cr. 961 (JFK), 1994 WL 202605, at *2 (S.D.N.Y. May 23, 1994) (Keenan, J.) (quoting United States v. DeFillipo, 590 F.2d 1228, 1240 (2d Cir. 1979)). "Where a defendant claims that his conduct has an innocent explanation, prior act evidence is generally admissible to prove that the defendant acted with the state of mind necessary to commit the offense charged." United States v. Zackson, 12 F.3d 1178, 1182 (2d Cir. 1993).

In addition to being admissible for a proper purpose, the evidence satisfies the other requirements of the Federal Rules of Evidence. "If the evidence is offered for such a proper purpose, the district court then must determine whether the offered evidence is relevant, per Rules 401 and 402, to an issue in the case, and whether the evidence satisfies the probative-prejudice balancing test of Fed. R. Evid. 403." United States v. Colon, 880 F.2d 650, 656 (2d Cir. 1989) (internal quotation marks and alterations omitted). If requested to do so, the trial court must give an appropriate limiting instruction to the jury. See id. The evidence of the defendant's prior convictions involving firearms is highly probative and relevant to the issues of knowledge, intent and opportunity, and absence of mistake.

Therefore, the evidence satisfies the protections of Rule 403 against unfairly prejudicial evidence. Moreover, any prejudice from the introduction of the prior convictions relating to use and possession of firearms would not be unfair, an explicit requirement of Rule 404(b), because the charges were proven and the defendant was convicted of the offenses.

### CONCLUSION

For the reasons set forth above, the Government respectfully submits that the proffered evidence is admissible.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney


By: _____/s/ Rebecca A. Rohr_____
    Rebecca A. Rohr
    Kevin Puvalowski
    Assistant U.S. Attorneys
    (212) 637-2531 / 2311

<u>CERTIFICATE OF SERVICE</u>

I, Rebecca Rohr, declare that I am employed in the Office of the United States Attorney for the Southern District of New York, and on August 11, 2008, I caused a copy of the attached Government's Motion in Limine to be served by electronic notification to the following counsel:

> Peggy M. Cross, Esq.
> Federal Defenders of New York
> 52 Duane Street, 10th Floor
> New York, NY 10007

I declare under penalty of perjury that the foregoing is true and correct.  28 U.S.C. Section 1746.

Dated:    New York, New York
          August 11, 2008

                    /s/ Rebecca Rohr
          REBECCA ROHR
          Assistant United States Attorney

# EXHIBIT A

3-14-08

Dear Mrs. Brown

How are you Doing I hope Fine and in good health in God's Name's well for me I am trying to do the Best I can in God's Name's, I have to talk to you I am Really worring about you, My Love for you will Never go away, My Love for you is so Real Real. I am so sorry how things work out For Us. I did Not mean you No Harm what so ever, I as Just have too much to DRINK, I was that DRUNK I did Not EVEN Know What I was doing to you EVEN saying to you, It is not too late to say I am A APOLOGIZE I AM SORRY FOR EVERTHING that Come's UP ON YOU. (ALL SO I WANT YOU TO KNOW I DID NOT BRING NO GUNS IN YOUR HOME I FOUND GUNS IN YOUR HOME)

I AM Going TO TAKE The CASE, YOU Do NOT OF TO WORRY I Will Help You Love you
I HAVE TO TALK TO YOU

