# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

Leonard F. Joy
*Executive Director*

*Southern District of New York*
John J. Byrnes
*Attorney-in-Charge*

August 19, 2008

BY HAND DELIVERY AND ECF

Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   **United States v. Kalaef Brown**
      **08 Cr. 340 (PAC)**

Dear Judge Crotty:

Enclosed are Mr. Brown's proposed jury instructions and voir dire.  Prior to the charging of the jury, the defense may also request a "theory of the defense" charge.   See, e.g., United States v. Dove, 916 F.2d 41, 47 (2d Cir. 1990) ("criminal defendant is entitled to instructions relating to [his] theory of defense, for which there is some foundation in the evidence, no matter how tenuous the defense may appear to the trial court.").

Respectfully submitted,

Peggy M. Cross
Assistant Federal Defender
Tel. (212) 417-8732

cc:   Assistant United States Attorney Rebecca Rohr

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

              -v.-                 :          08 Cr. 340 (PAC)

KALAEF BROWN,                     :

              Defendant.          :

- - - - - - - - - - - - - - - x


### DEFENDANT KALAEF BROWN'S JURY CHARGE REQUEST

LEONARD F. JOY
Federal Defenders of New York
Attorney for Defendant
**KALAEF BROWN**
52 Duane Street - 10th Floor
New York, New York  10007
Tel.: (212) 417-8732


**PEGGY M. CROSS, ESQ.**
Of Counsel

TO:  MICHAEL J. GARCIA, ESQ.
     United States Attorney
     Southern District of New York
     One St. Andrew's Plaza
     New York, New York  10007
     Attn: **REBECCA ROHR, ESQ.**
          Assistant United States Attorney

## TABLE OF CONTENTS

REQUEST NO. 1 - GENERAL INSTRUCTIONS . . . . . . . . . . . . . 1

REQUEST NO. 2 - CIRCUMSTANTIAL EVIDENCE . . . . . . . . . . . 2

REQUEST NO. 3 - LAW ENFORCEMENT WITNESSES . . . . . . . . . . 4

REQUEST NO. 4 - REASONABLE DOUBT . . . . . . . . . . . . . . 5

REQUEST NO. 5 - DEFENDANT'S ELECTION NOT TO TESTIFY . . . . . . 8

REQUEST NO. 6 - DEFENDANT'S ELECTION TO TESTIFY . . . . . . . 10

REQUEST NO. 7 - IMPROPER CONSIDERATIONS . . . . . . . . . . 12

REQUEST NO. 8 - THE INDICTMENT . . . . . . . . . . . . . . . 13

REQUEST NO. 9 - SUMMARY OF THE INDICTMENT . . . . . . . . 14

REQUEST NO. 10 - ELEMENTS OF THE OFFENSE . . . . . . . . . . 15

REQUEST NO. 11 - DEFENDANT'S PRIOR CONVICTION . . . . . . . 16

REQUEST NO. 12 - POSSESSION OF A FIREARM . . . . . . . . . . 17

REQUEST NO. 13 - FIREARM IN OR AFFECTING COMMERCE . . . . . . 19

### REQUEST NO. 1
### GENERAL INSTRUCTIONS

The defense respectfully requests that the Court give the pattern instructions with respect to the following matters:

a.  Functions of Court and Jury

b.  Indictment not Evidence

c.  Statements of Court and Counsel not Evidence

d.  Presumption of Innocence

e.  Witness Credibility

f.  Bias and Hostility

g.  Right to See Exhibits and Have Testimony Read During Deliberations

h.  Requirement of Unanimity of Verdict (including that the jury must be unanimous with respect to which gun and which ammunition)

i.  Stipulations

1

## REQUEST NO. 2
## CIRCUMSTANTIAL EVIDENCE

THERE ARE TWO TYPES OF EVIDENCE THAT YOU MAY PROPERLY USE IN DECIDING WHETHER A DEFENDANT IS GUILTY OR NOT GUILTY.  ONE TYPE OF EVIDENCE IS CALLED DIRECT EVIDENCE.  DIRECT EVIDENCE IS A WITNESS'S TESTIMONY AS TO WHAT HE SAW, HEARD, OR OBSERVED.  IN OTHER WORDS, WHEN A WITNESS TESTIFIES ABOUT WHAT IS KNOWN TO HIM OF HIS OWN KNOWLEDGE, BY VIRTUE OF HIS OWN SENSES, WHAT HE SEES, FEELS, TOUCHES, OR HEARS, THAT IS CALLED DIRECT EVIDENCE.
THE SECOND TYPE OF EVIDENCE IS CIRCUMSTANTIAL EVIDENCE.
CIRCUMSTANTIAL EVIDENCE IS EVIDENCE THAT TENDS TO PROVE ONE FACT INDIRECTLY, BY INFERENCE FROM ANOTHER FACTS.  FOR EXAMPLE, IF A FACT IN DISPUTE IS WHETHER IT IS RAINING AT THE MOMENT, NONE OF US IN THIS ROOM CAN TESTIFY DIRECTLY TO THAT WITHOUT LOOKING OUT A WINDOW.  ASSUME, HOWEVER, THAT WE CANNOT SEE OUT OF A WINDOW, AND THAT AS WE ARE SITTING HERE, A PERSON WALKS IN THE COURTROOM WEARING A RAINCOAT THAT IS DRIPPING WET AND CARRYING AN UMBRELLA THAT IS DRIPPING WATER.  WE MAY INFER THAT IT IS RAINING OUTSIDE. OF COURSE, THAT INFERENCE MIGHT BE INCORRECT BECAUSE IT MAY HAVE STOPPED RAINING BEFORE THE PERSON ENTERED THE COURTROOM.  IN OTHER WORDS, THE FACT OF RAIN IS AN INFERENCE THAT COULD BE DRAWN FROM THE WET RAINCOAT AND DRIPPING UMBRELLA, BUT NEED NOT BE. EACH JUROR MUST BE GUIDED BY HIS OR HER OWN COMMON SENSE, EXPERIENCE AND JUDGMENT IN DETERMINING WHAT INFERENCE, IF ANY, IS JUSTIFIED AND REASONABLE UNDER ALL OF THE CIRCUMSTANCES

2

PRESENTED.

YOU ARE TO CONSIDER BOTH DIRECT AND CIRCUMSTANTIAL EVIDENCE. THE LAW PERMITS YOU TO GIVE EQUAL WEIGHT TO BOTH, BUT IT IS FOR YOU TO DECIDE HOW MUCH WEIGHT TO GIVE TO ANY EVIDENCE.  THE LAW REQUIRES THAT BEFORE ANY DEFENDANT MAY BE CONVICTED, THE JURY MUST BE SATISFIED THAT THE GOVERNMENT HAS PROVED THE DEFENDANT'S GUILT BEYOND A REASONABLE DOUBT AFTER REVIEW OF ALL THE EVIDENCE IN THE CASE, DIRECT AND CIRCUMSTANTIAL.  IF YOU FIND THAT THE EVIDENCE GIVES EQUAL OR NEARLY EQUAL CIRCUMSTANTIAL SUPPORT TO A THEORY OF GUILT AND A THEORY OF INNOCENCE THEN YOU MUST FIND MR. BROWN NOT GUILTY.

**AUTHORITY**

Adapted from the charge of the Hon. Robert P. Patterson, Jr. in United States v. Grayson, 04 Cr. 1382 (RPP) (Tr. at 221 - 222) and the charge of the Hon. Dennis H. Hurley in United States v. Rodney Morrison, 04 Cr. 699 (DHH) (giving modified rain-umbrella example that allows for the possibility that the rain may have stopped, unlike the typical instruction given in this District); see also Ninth Circuit Pattern Charge 1.5; First Circuit Pattern Charge 3.05; United States v. Glenn, 312 F.3d 58, 70 (2d Cir. 2002) (reversing a conviction for insufficiency of evidence because the the Government's evidence gave nearly equal circumstantial support to a theory of innocence and holding "if the evidence, viewed in the light most favorable to the prosecution, gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, then a reasonable jury must necessarily entertain a reasonable doubt." ).

## REQUEST NO. 3
## LAW ENFORCEMENT WITNESSES

YOU HAVE HEARD THE TESTIMONY OF LAW ENFORCEMENT OFFICERS.  A WITNESS' EMPLOYMENT AS A LAW ENFORCEMENT OFFICER DOES NOT MAKE THE TESTIMONY DESERVING OF MORE OR LESS CONSIDERATION OR GREATER OR LESSER WEIGHT THAN THAT OF AN ORDINARY WITNESS.

AT THE SAME TIME, IT IS LEGITIMATE FOR THE DEFENSE TO ATTACK THE CREDIBILITY OF A LAW ENFORCEMENT WITNESS ON THE GROUNDS THAT THE WITNESS' TESTIMONY MAY BE COLORED BY A PERSONAL OR PROFESSIONAL INTEREST IN THE OUTCOME OF THE CASE.

AS WITH ALL WITNESSES, IT IS YOUR DECISION, AFTER REVIEWING ALL THE EVIDENCE, WHETHER TO ACCEPT THE TESTIMONY OF THE LAW ENFORCEMENT WITNESS AND TO GIVE TO THAT TESTIMONY WHATEVER WEIGHT, IF ANY, YOU FIND IT DESERVES.


### AUTHORITY

Adapted from L. Sand, et al., <u>Modern Federal Jury Instructions</u> - Instruction # 7-16.

4

## REQUEST NO. 4
### REASONABLE DOUBT

I HAVE SAID THAT THE GOVERNMENT MUST PROVE MR. BROWN GUILTY
BEYOND A REASONABLE DOUBT.  THE QUESTION NATURALLY IS WHAT IS A
REASONABLE DOUBT?  THE WORDS ALMOST DEFINE THEMSELVES.  IT IS A
DOUBT BASED UPON REASON AND COMMON SENSE.  IT IS A DOUBT THAT A
REASONABLE PERSON HAS AFTER CAREFULLY WEIGHING ALL OF THE
EVIDENCE.  IT IS A DOUBT WHICH WOULD CAUSE A REASONABLE PERSON TO
HESITATE TO ACT IN A MATTER OF THE HIGHEST IMPORTANCE IN HIS OR
HER PERSONAL LIFE.  PROOF BEYOND A REASONABLE DOUBT MUST,
THEREFORE, BE PROOF OF SUCH A CONVINCING CHARACTER THAT A
REASONABLE PERSON WOULD NOT HESITATE TO RELY AND ACT UPON IT IN
THE MOST IMPORTANT OF HIS OR HER OWN AFFAIRS.

IN A CRIMINAL CASE, THE BURDEN IS AT ALL TIMES UPON THE
GOVERNMENT TO PROVE GUILT BEYOND A REASONABLE DOUBT.  THE LAW
DOES NOT REQUIRE THAT THE GOVERNMENT PROVE GUILT BEYOND ALL
DOUBT; PROOF BEYOND A REASONABLE DOUBT IS SUFFICIENT.  THIS
BURDEN NEVER SHIFTS TO MR. BROWN.  EVEN IF MR. BROWN HAS
PRESENTED EVIDENCE IN HIS DEFENSE, IT IS NOT HIS BURDEN TO PROVE
HIMSELF INNOCENT.  IT IS ALWAYS THE GOVERNMENT'S BURDEN TO PROVE
EACH OF THE ELEMENTS OF THE CRIME CHARGED BEYOND A REASONABLE
DOUBT.

IF, AFTER FAIR AND IMPARTIAL CONSIDERATION OF ALL THE
EVIDENCE AND ANY LACK OF EVIDENCE, YOU ARE SATISFIED OF MR.
BROWN'S GUILT BEYOND A REASONABLE DOUBT, YOU SHOULD VOTE TO

CONVICT.   ON THE OTHER HAND,  IF AFTER FAIR AND IMPARTIAL

CONSIDERATION OF ALL THE EVIDENCE AND ANY LACK OF EVIDENCE YOU

HAVE A REASONABLE DOUBT,  IT IS YOUR DUTY TO ACQUIT MR. BROWN.


## AUTHORITY

Adapted from L. Sand, et al., <u>Modern Federal Jury Instructions</u>,
Instruction # 4-2.

We submit that the modifications from the pattern instruction
made in the above proposed charge are necessary and important for
the following reasons:

In the first paragraph, the last two sentences from the pattern
instruction have been omitted.   Those sentences read:

> A reasonable doubt is not a caprice or whim; it is not a
> speculation or suspicion.  It is not an excuse to avoid the
> performance of an unpleasant duty.  And it is not sympathy.

These sentences could easily, albeit unwittingly, negate the
sentences in the preceding paragraph that properly define the
standard as a significant one.  Furthermore, they are unnecessary
given the preceding language that guides jurors that a reasonable
doubt is one based upon reason and common sense.

In the second paragraph, the only proposed modification is the
inclusion of the sentence which reads:

> even if Mr. Brown has presented evidence in his defense, it
> is not his burden to prove himself innocent.

This sentence is necessary to make clear that not only does the
burden never shift to the defense generally, but even when a
defendant presents evidence, the burden remains with the
government.   That fundamental concept is missing without the
proposed language.

In the third paragraph, the only proposed modification is to
change the order of the two sentences in that paragraph, so that
conviction is mentioned before acquittal.  In light of the
central role this standard of proof plays in our system of
justice, this proposed modification is necessary.  It is a long
standing psychological principle that generally, people remember

what they hear first and what they hear last.  <u>See</u> Wozniak, R. (1999).  <u>Classics in Psychology</u>, <u>1855-1914: Historical Essays</u>. This phenomenon is commonly known as the power of "primacy and recency."  If the last option Your Honor provides is conviction, it will undercut the importance of the government's burden.

### REQUEST NO. 5
### DEFENDANT'S ELECTION NOT TO TESTIFY
### (If Applicable)

MR. BROWN DID NOT TESTIFY IN THIS CASE. UNDER OUR CONSTITUTION, THE DEFENDANT HAS NO OBLIGATION TO TESTIFY OR TO PRESENT ANY EVIDENCE, BECAUSE IT IS THE GOVERNMENT'S BURDEN TO PROVE THE DEFENDANT GUILTY BEYOND A REASONABLE DOUBT. THE RIGHT OF A DEFENDANT NOT TO TESTIFY IS AN IMPORTANT PART OF OUR CONSTITUTION.

AS I STATED EARLIER, THE GOVERNMENT'S BURDEN TO PROVE THE DEFENDANT GUILTY REMAINS WITH THE PROSECUTION THROUGHOUT THE ENTIRE TRIAL AND NEVER SHIFTS TO MR. BROWN. HE IS NEVER REQUIRED TO PROVE THAT HE IS INNOCENT.

YOU MAY NOT SPECULATE AS TO WHY MR. BROWN DID NOT TESTIFY. THERE ARE MANY REASONS WHY A DEFENDANT MAY DECIDE NOT TO TESTIFY. A DEFENDANT MAY BE EMBARRASSED BY HIS OWN LACK OF EDUCATION, OR BY HIS INABILITY TO SPEAK WELL IN FRONT OF A GROUP OF PEOPLE. YOU ARE NOT TO SPECULATE AS TO THESE THINGS. YOU MAY NOT DRAW ANY INFERENCE WHATSOEVER FROM A DEFENDANT'S DECISION NOT TO TAKE THE STAND.

YOU ARE NOT TO ATTACH ANY SIGNIFICANCE TO THE FACT THAT MR. BROWN DID NOT TESTIFY. NO ADVERSE INFERENCE AGAINST HIM MAY BE DRAWN BY YOU BECAUSE HE DID NOT TAKE THE WITNESS STAND. YOU MAY NOT CONSIDER THIS AGAINST MR. BROWN IN ANY WAY IN YOUR DELIBERATIONS IN THE JURY ROOM.

8

**AUTHORITY**

Adapted from the charges of the Hon. Robert P. Patterson, Jr. in
<u>United States v. Owen et al.</u>, 03 Cr. 649 (RPP) (Tr. at 411 –
412); Hon. John S. Martin in <u>United States v. Flanagan</u>, 95 Cr.
105 (JSM) (Tr. at 558 – 559) and <u>United States v. Anosike</u>, 94 Cr.
717 (JSM). <u>See</u> <u>also</u> <u>Carter v. Kentucky</u>, 450 U.S. 288, 300 n.15
(1981); <u>Griffin v. California</u>, 380 U.S. 609, 613 (1965).

9

## REQUEST NO. 6
### DEFENDANT'S ELECTION TO TESTIFY
### (If Applicable)

AS I INSTRUCTED YOU EARLIER, THE DEFENDANT IN A CRIMINAL CASE NEVER HAS ANY DUTY TO TESTIFY OR COME FORWARD WITH ANY EVIDENCE.  THIS IS BECAUSE THE BURDEN OF PROOF BEYOND A REASONABLE DOUBT REMAINS ON THE GOVERNMENT AT ALL TIMES, AND MR. BROWN IS PRESUMED INNOCENT.

IN THIS CASE, MR. BROWN DID TESTIFY AND HE WAS SUBJECT TO CROSS-EXAMINATION, LIKE ANY OTHER WITNESS.  THE FACT THAT HE TESTIFIED DOES NOT IN ANY WAY REMOVE OR LESSEN THE BURDEN ON THE GOVERNMENT TO PROVE THE CHARGE BEYOND A REASONABLE DOUBT.  MR. BROWN DID NOT HAVE TO TESTIFY AND, IN FACT, DID NOT HAVE TO PRESENT ANY EVIDENCE WHATSOEVER.

YOU SHOULD EXAMINE AND EVALUATE HIS TESTIMONY JUST AS YOU WOULD THE TESTIMONY OF ANY WITNESS WITH AN INTEREST IN THE OUTCOME OF THIS CASE.  YOU SHOULD NOT DISREGARD OR DISBELIEVE HIS TESTIMONY SIMPLY BECAUSE HE IS CHARGED AS A DEFENDANT IN THIS CASE.  I ALSO REMIND YOU THAT MR. BROWN'S DECISION TO TESTIFY DOES NOT IN ANY WAY SHIFT THE BURDEN OF PROOF TO HIM.

DO NOT ASK YOURSELF WHETHER HIS TESTIMONY CONVINCES YOU OF HIS INNOCENCE.  RATHER, YOU MUST CONSIDER ALL THE EVIDENCE AND/OR THE LACK OF EVIDENCE PRESENTED, AND THEN ASK YOURSELVES WHETHER OR NOT THE PROSECUTION HAS PROVEN THE CHARGE CONTAINED IN THE INDICTMENT BEYOND A REASONABLE DOUBT.

**AUTHORITY**

Adapted from L. Sand, et al., <u>Modern Federal Jury Instructions</u>, Instruction # 7-4; <u>see also</u> Charge of Hon. Robert P. Patterson, Jr. in <u>United States v. Dennis De La Cruz-Ramirez</u>, 97 Cr. 711 (RPP).

## REQUEST NO. 7
## IMPROPER CONSIDERATIONS

YOUR VERDICT MUST BE BASED SOLELY UPON THE EVIDENCE DEVELOPED AT TRIAL OR THE LACK OF EVIDENCE.

IT WOULD BE IMPROPER FOR YOU TO CONSIDER, IN REACHING YOUR DECISION AS TO WHETHER THE GOVERNMENT SUSTAINED ITS BURDEN OF PROOF, ANY PERSONAL FEELINGS YOU MAY HAVE ABOUT MR. BROWN'S RACE, RELIGION, NATIONAL ORIGIN, SEX OR AGE.  ALL PERSONS ARE ENTITLED TO THE PRESUMPTION OF INNOCENCE AND THE GOVERNMENT HAS THE BURDEN OF PROOF, AS I WILL DISCUSS IN A MOMENT.

IT WOULD BE EQUALLY IMPROPER FOR YOU TO ALLOW ANY FEELINGS YOU MIGHT HAVE ABOUT THE NATURE OF THE CRIME CHARGED TO INTERFERE WITH YOUR DECISION MAKING PROCESS.

TO REPEAT, YOUR VERDICT MUST BE BASED EXCLUSIVELY UPON THE EVIDENCE OR THE LACK OF EVIDENCE IN THIS CASE.

### AUTHORITY

Adapted from L. Sand, et al., <u>Modern Federal Jury Instructions</u> – Instruction # 2-11.

If the Court is going to instruct the jury not to base its verdict on sympathy, we request that the Court also tell the jury not to base its verdict on any feelings about the charge.  Such language is included in the above instruction.

12

## REQUEST NO. 8
## THE INDICTMENT

MR. BROWN IS FORMALLY CHARGED IN AN INDICTMENT.  AS I
INSTRUCTED YOU PREVIOUSLY, THE INDICTMENT IS A CHARGE OR
ACCUSATION.  IT IS SIMPLY THE MEANS BY WHICH THIS CRIMINAL CASE
WAS COMMENCED.  IT IS NOT EVIDENCE.  IT DOES NOT CREATE ANY
PRESUMPTION NOR PERMIT ANY INFERENCE THAT MR. BROWN IS GUILTY.
THE INDICTMENT IN THIS CASE CONTAINS ONE COUNT.  I WILL FIRST
SUMMARIZE THE OFFENSE CHARGED IN THE INDICTMENT.  THEN I WILL
EXPLAIN IN DETAIL THE ELEMENTS OF THE OFFENSE.


**AUTHORITY**
Adapted from L. Sand et al., Modern Federal Jury Instructions,
Instructions 3-1, 3-2.

13

**REQUEST NO. 9**
**SUMMARY OF THE INDICTMENT**

THE INDICTMENT CHARGES MR. BROWN WITH POSSESSING A FIREARM

AFTER HAVING PREVIOUSLY BEEN CONVICTED OF A CRIME THAT WAS

PUNISHABLE BY IMPRISONMENT FOR A TERM OF MORE THAN ONE YEAR.  THE

RELEVANT STATUTE ON THIS SUBJECT IS TITLE 18, UNITED STATES CODE

SECTION 922(g)(1), WHICH PROVIDES, IN RELEVANT PART:

> IT SHALL BE UNLAWFUL FOR ANY PERSON WHO HAS BEEN
> CONVICTED IN ANY COURT OF A CRIME PUNISHABLE BY
> IMPRISONMENT FOR A TERM EXCEEDING ONE YEAR TO . . .
> POSSESS IN OR AFFECTING COMMERCE ANY FIREARM WHICH HAS
> BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN
> COMMERCE.

**AUTHORITY**

Adapted from L. Sand, et al., Modern Federal Jury Instructions,
Instruction 35-45.

14

**REQUEST NO. 10**
**ELEMENTS OF THE OFFENSE**

IN ORDER TO FIND MR. BROWN GUILTY OF THE CHARGE CONTAINED IN THE INDICTMENT, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT EACH OF THE FOLLOWING THREE ELEMENTS:

**FIRST**, THAT MR. BROWN PREVIOUSLY WAS CONVICTED OF A CRIME PUNISHABLE BY IMPRISONMENT FOR A TERM EXCEEDING ONE YEAR; AND

**SECOND**, THAT ON OR ABOUT FEBRUARY 24, MR. BROWN KNOWINGLY POSSESSED A FIREARM; AND

**THIRD**, THAT THE DEFENDANT'S POSSESSION OF A FIREARM WAS IN OR AFFECTED INTERSTATE COMMERCE.

IF THE GOVERNMENT FAILS TO PROVE ANY ONE OF THESE ELEMENTS BEYOND A REASONABLE DOUBT, THEN YOU MUST ACQUIT MR. BROWN.

**AUTHORITY**

Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instruction No. 35-47

15

### REQUEST NO. 11
### FIRST ELEMENT - DEFENDANT'S PRIOR CONVICTION

THE FIRST ELEMENT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT BEFORE THE DATE KALAEF BROWN IS CHARGED WITH POSSESSING THE FIREARM, HE HAD BEEN PREVIOUSLY CONVICTED OF A CRIME PUNISHABLE BY IMPRISONMENT FOR A TERM EXCEEDING ONE YEAR. MR. BROWN AND THE GOVERNMENT HAVE STIPULATED, OR AGREED, THAT MR. BROWN WAS CONVICTED OF A CRIME, AND THAT THIS CRIME WAS PUNISHABLE BY IMPRISONMENT FOR A TERM EXCEEDING ONE YEAR.

I INSTRUCT YOU THAT MR. BROWN'S PRIOR CONVICTION IS AN ELEMENT OF THE CHARGE. IT IS NOT DISPUTED. IT IS TO BE CONSIDERED BY YOU ONLY FOR THE LIMITED PURPOSE OF DETERMINING WHETHER THE ELEMENT IS SATISFIED, AND FOR NO OTHER REASON. YOU ARE NOT TO CONSIDER IT FOR ANY OTHER PURPOSE. YOU ARE NOT TO SPECULATE AS TO WHAT THE CONVICTION WAS FOR. YOU MAY NOT CONSIDER THE PRIOR CONVICTION IN ANY WAY IN DECIDING WHETHER THE GOVERNMENT HAS PROVED BEYOND A REASONABLE DOUBT THAT KALAEF BROWN WAS IN KNOWING POSSESSION OF A GUN THAT AS CHARGED, WHICH IS DISPUTED.

### AUTHORITY
Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instruction No. 35-48.

16

**REQUEST NO. 12**
**SECOND ELEMENT - POSSESSION OF A FIREARM**

THE SECOND ELEMENT THE GOVERNMENT MUST PROVE BEYOND A

REASONABLE DOUBT IS THAT, ON OR ABOUT FEBRUARY 24, 2008, KALAEF

BROWN KNOWINGLY POSSESSED A FIREARM.

THE FIREARMS DESCRIBED IN THE INDICTMENT ARE A .25 CALIBER

BERETTA AND A .25 CALIBER TITAN.  THUS, THE GOVERNMENT MUST PROVE

BEYOND A REASONABLE DOUBT THAT MR. BROWN KNOWINGLY POSSESSED ONE

OF THE INDICATED FIREARMS ON OR ABOUT FEBRUARY 24, 2008.

A FIREARM IS ANY DEVICE THAT WILL OR IS DESIGNED TO OR MAY

BE READILY CONVERTED TO EXPEL A PROJECTILE BY THE ACTION OF AN

EXPLOSION.

WHAT CONSTITUTES POSSESSION?

THE WORD "POSSESS" MEANS TO HAVE SOMETHING WITHIN YOUR

CONTROL.  IT DOES NOT NECESSARILY MEAN THAT YOU MUST PHYSICALLY

HAVE IT IN YOUR HAND.  AS LONG AS A FIREARM IS IN A PERSON'S

ACTUAL CONTROL, HE POSSESSES IT.  THUS, IF YOU FIND THAT MR.

BROWN HAD BOTH THE POWER AND THE INTENTION TO EXERCISE CONTROL

OVER THE FIREARM, YOU MAY FIND THAT THE GOVERNMENT HAS PROVEN

POSSESSION.

TO SATISFY THIS ELEMENT, YOU MUST FIND THAT ON FEBRUARY 24,

2008, MR. BROWN KNOWINGLY POSSESSED AN INDICATED FIREARM.  THIS

MEANS THAT YOU MUST FIND THAT HE POSSESSED THE FIREARM PURPOSELY

AND VOLUNTARILY, AND NOT BY ACCIDENT OR BY MISTAKE.  POSSESSION

CANNOT BE FOUND SOLELY ON THE GROUND THAT A PERSON WAS NEAR A

17

FIREARM OR ON THE GROUND THAT A FIREARM WAS ACCESSIBLE TO HIM.

IF YOU FIND THAT MR. BROWN DID NOT KNOW THAT HE HAD THE FIREARM

IN HIS POSSESSION OR THAT HE DID NOT HAVE THE POWER AND THE

INTENTION TO EXERCISE CONTROL OVER THE FIREARMS, THEN YOU MUST

FIND HIM NOT GUILTY.

### AUTHORITY

Adapted from L. Sand, et al., <u>Modern Federal Jury Instructions</u> – Instruction # 35-49; <u>United States v. Vasquez</u>, 82 F.3d 574, 577-78 (2d Cir. 1996); <u>see</u> <u>also</u> the instructions of the Hon. Denise L. Cote in <u>United States v. Christian Paulino</u>, 03 Cr. 727 (DLC) on constructive possession ("Possession of a controlled substance cannot be found solely on the ground that a person was near the cocaine or around a place where the drugs were stored").

## REQUEST NO. 13

## THIRD ELEMENT -  IN OR AFFECTING COMMERCE

THE GOVERNMENT MUST ALSO PROVE BEYOND A REASONABLE DOUBT THAT THE FIREARM DESCRIBED IN THE INDICTMENT WAS POSSESSED "IN OR AFFECTING COMMERCE."  THE PHRASE "IN OR AFFECTING COMMERCE" INCLUDES, BUT IS NOT LIMITED TO, COMMERCE BETWEEN ANY PLACE IN A STATE AND ANY PLACE OUTSIDE OF THAT STATE.  THE GOVERNMENT MAY MEET ITS BURDEN OF PROOF ON THE QUESTION OF "IN OR AFFECTING COMMERCE" IF IT PROVES TO YOU BEYOND A REASONABLE DOUBT THAT THE FIREARM IDENTIFIED IN THE INDICTMENT HAD TRAVELED ACROSS A STATE BOUNDARY LINE AT ANY TIME PRIOR TO FEBRUARY 24, 2008.  IF YOU FIND BEYOND A REASONABLE DOUBT THAT THE FIREARM IN QUESTION TRAVELED ACROSS A STATE BOUNDARY LINE THEN YOU MAY, BUT ARE NOT REQUIRED TO, FIND THAT IT WAS POSSESSED "IN OR AFFECTING COMMERCE."

### AUTHORITY

Adapted from Sand, et. al., Modern Federal Jury Instructions, Instruction No. 35-50 and Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, Instruction No. 6.18.922 (2000).

## DEFENSE OBJECTIONS TO THE GOVERNMENT'S REQUESTS TO CHARGE

Mr. Brown notes the following objections to the Government's Requests to Charge:

1.   Mr. Brown objects to Government Request 2 and asks that Defense Request 8 be given instead.

2.   Mr. Brown objects to Government Request 3 and asks that Defense Request 9 be given instead.

3.   Mr. Brown objects to Government Request 4.  Government Request 4 is at best redundant and at worst an appeal to juror fears of bad guys with guns.  To begin with, Mr. Brown is charged with violating only one statute, so "a word about" federal firearms statutes in general would be inappropriate.  Moreover, because Congress' intent in passing the statute is not the jury's concern (as the Request itself acknowledges) there is no reason to charge the jury on that intent.  To the extent the Court thinks the jury needs to be further instructed that its verdict must be based on the evidence or lack of evidence and not outside considerations, this point is made in Defense Request 7.

Mr. Brown objects to Government Request 5 and asks that Defense Request 10 be given instead.

4.  Mr. Brown objects to Government Request 6 and asks that Defense REquest 11 be given instead.  Specifically, the defense objects to the last two sentences of the first paragraph of

Government Request 6.  Mr. Brown has stipulated to his prior felony conviction.  These two sentences address points taht are not in contention and unnecesarily lengthen the charge.

5.  Mr. Brown objects to Government Request 7 and asks that Defense Request 12 be given instead.  Specifically, the defense objections to the Court instructing the jury that "common sense will tell you that a gun meets the statutory definition of a firearm."  This instruction would amount to the Court improperly telling the jury how it should decide on an element of the offense.

6.  Mr. Brown objects to Government Request 8 and asks that Defense Request 13 be given instead.  Specifically, the defense objects to the example contained in the last sentence of the second paragraph of Government Request 8, which essentially amounts to the Court telling the jury that the government has proven this element.

7.  Mr. Brown objects to Government Request 10 and asks that Defense Request 6 be given instead.

8.  Mr. Brown objects to Government Request 11 and asks that Defense Request 5 be given instead.

9.  Mr. Brown objects to Government Request 12, particularly to the last to sentences of the first paragraph and to the ommission of the phrase "the lack of evidence" from the last

21

sentence.

10.   Mr. Brown objects to Government Request 13.  The
defense submits that it will be enough for the Court to instruct
the jury on what is and is not evidence.

11.   Mr. Brown objects to Request No. 14.  He also will ask
the Court to deny the Government's motion in limine allow 404(b)
evidence and will ask the Court to preclude that evidence.  Mr.
Brown asks that the evidence not be admitted, making this
instruction unnecessary.

12.   Mr. Brown objects to the last two sentences of the
second paragraph of Government Request 15.

13.   Mr. Brown objects to the language in Government
Request No. 16.  In particular, in the last sentence of the
second paragraph, the defense would request that Court replace
"might" with "may" and in the last sentence of the third
paragraph, the defense would request that the Court charge that
jury that it "may rely" on expert testimony, not that it "would
be justified in placing great reliance" on it.

14.   Mr. Brown objects to Government Request 17 and asks
that the language from Defense Request 3 be used instead.
Particularly, the defense asks that the Court include the
language from the model charge which instructs that, "it is quite
legitimate for defense counsel to try to attack the credibility

of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case."

15. With respect to Government Request 21, the defense requests that the Court use the phrase "the evidence or the lack of evidence" instead of simply "the evidence" throughout. Additionally, the defense requests to the inclusion of the language "whether you agree or disagree with the particular law in question" at the end of the second paragraph and the use of the word "violence" in the fourth paragraph.

Dated:     New York, New York
           August 18, 2008

                              LEONARD F. JOY
                              Federal Defenders of New York

                    BY:  _____

                              **PEGGY M. CROSS**
                              Attorney for Defendant
                                 **KALAEF BROWN**
                              52 Duane Street - 10th Floor
                              New York, New York  10007
                              Tel. (212) 417-8732

TO:  MICHAEL J. GARCIA, ESQ.

23

United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York  10007
Attn: **REBECCA ROHR, ESQ.**
     Assistant United States Attorney