```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA        :

        -v.-                    :   08 Cr. 340 (PAC)

KALAEF BROWN,                   :

        Defendant.              :

- - - - - - - - - - - - - - - -x
```

**DEFENDANT KALAEF BROWN'S PROPOSED VOIR DIRE QUESTIONS**

           LEONARD F. JOY
           Federal Defenders of New York
           Attorney for Defendant
           **KALAEF BROWN**
           52 Duane Street - 10th Floor
           New York, New York  10007
           Tel.:  (212) 417-8732

           **PEGGY M. CROSS, ESQ.**
           <u>Of Counsel</u>

TO:  MICHAEL J. GARCIA, ESQ.
     United States Attorney
     Southern District of New York
     One St. Andrew's Plaza
     New York, New York  10007
     Attn: **REBECCA ROHR, ESQ.**
          Assistant United States Attorney

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA         :

          -v.-                   :    08 Cr. 340 (PAC)

KALAEF BROWN,                    :

          Defendant.             :

- - - - - - - - - - - - - - - - x
```

**DEFENDANT KALAEF BROWN'S PROPOSED VOIR DIRE QUESTIONS**

Defendant **KALAEF BROWN** respectfully requests that, in addition to its customary questions, the Court address the following areas in its voir dire. The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate, concluding in such instance with an inquiry as to whether the juror is certain that the particular fact or circumstance would not influence the juror in favor of or against the government or the defendant.

**QUESTIONS FOR THE JURORS AS A GROUP**

1. Is there any person who feels that because Mr. Brown has been accused of a crime, he must have done something to deserve that accusation?

2. Because the charge involves possession of a firearm, is there any reason you feel you might not be able to be fair and impartial?

3. Have you, or any friend or family member, been the victim of a gun-related crime?  **If any veniremember says yes, defense counsel requests that the Court bring the potential juror to sidebar for follow-up questions regarding the details of these crimes, whether the perpetrators were found and convicted, whether these crimes would prevent them from presuming Mr. Brown to be innocent unless the government proves beyond a reasonable doubt that he possessed a gun, and whether they can assure the court without hesitation or equivocation that they will be able to render a verdict without bias or prejudice.**

4. You will hear evidence in this case that Mr. Brown was previously convicted of a crime. Would that fact impact, in

-2-

any way, your evaluation of the evidence in this case?

**Presumption of Innocence**

5. Mr. Brown is presumed innocent. He does not have to prove himself innocent. The Government must prove him guilty beyond a reasonable doubt. Would any juror have difficulty following that principle of law?

6. Mr. Brown is presumed innocent not only at the outset of the trial, but he retains that presumption of innocence all throughout the trial and even into the jury deliberation room unless the Government proves him guilty beyond a reasonable doubt. Would any juror have difficulty following that principle of law?

7. The indictment against Mr. Brown is proof of nothing. The indictment is not evidence and you must not consider it in any way against Mr. Brown. Would any juror have difficulty following that principle of law?

8. Does anyone have an opinion as to Mr. Brown's guilt or innocence at this moment?

**Burden of Proof**

9. If you find that the Government has not proved its case beyond a reasonable doubt, it is your duty to find Mr. Brown

not guilty.  Would any juror have difficulty following that instruction?

10. Would any juror have difficulty following the Court's instruction that Mr. Brown does not have to prove himself innocent?

11. Mr. Brown has already pled not guilty to this charge. Does any juror feel that he or she could not be impartial unless he or she heard from Mr. Brown himself, that he or she must hear "both sides of the story" before deciding?

12. Would any juror have difficulty following the Court's instruction that Mr. Brown has a constitutional right not to testify in this case and that if he does not testify it cannot be held against him?

**DEFENDANT'S CASE SPECIFIC INFORMATION FOR THE COURT**

**KALAEF BROWN** is represented by **Peggy M. Cross** and **Steven M. Statsinger**. Also assisting Mr. Brown at trial will be **Julia Mehlman**.

Dated:   New York, New York
         August 19, 2008, 2008

                                      LEONARD F. JOY
                                      Federal Defenders of New York

                              BY:     _____
                                      **PEGGY M. CROSS**
                                      Attorney for Defendant
                                      **KALAEF BROWN**
                                      52 Duane Street - 10th Floor
                                      New York, New York  10007
                                      Tel. (212) 417-8732

TO:   MICHAEL J. GARCIA, ESQ.
      United States Attorney
      Southern District of New York
      One St. Andrew's Plaza
      New York, New York  10007
      Attn: **REBECCA ROHR, ESQ.**
            Assistant United States Attorney