```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :

        - v. -                  :   08 Cr. 340 (PAC)

KALAEF BROWN,                   :
    a/k/a "Bob King,"
    a/k/a "Milton Williams,"    :
    a/k/a "Roy Kelly,"
                                :
            Defendant.
- - - - - - - - - - - - - - - - x
```

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION <u>IN</u> <u>LIMINE</u>**

                                                    MICHAEL J. GARCIA
                                                  United States Attorney
                                                  Southern District of New York

REBECCA ROHR
KEVIN PUVALOWSKI
Assistant United States Attorneys

    - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :

        - v. -                  :    08 Cr. 340 (PAC)

KALAEF BROWN,                   :
    a/k/a "Bob King,"
    a/k/a "Milton Williams,"    :
    a/k/a "Roy Kelly,"
                                :
            Defendant.
                                :
- - - - - - - - - - - - - - - - x
```

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION <u>IN LIMINE</u>**

The Government respectfully submits this brief in response to the defendant's motions <u>in limine</u> submitted on August 20, 2008. The defendant made the following motions:

(1) to redact a/k/a's from the Indictment;

(2) to preclude evidence that the guns were loaded, operable, or previously had been discharged; and

(3) that the Court read a limiting instruction at the time the prior felony stipulation is read.

In addition, the defendant's letter contained the following request:

(4) to prevent the Government from eliciting testimony about an alleged sexual assault.

**DISCUSSION**

I.  **The Government Has No Objection to Redacting A/K/A's from the Indictment**

The Government has no objection to the defense's request that the three a/k/a's on the Indictment be redacted for use at trial.

II. **Although the Government Will Agree Not to Introduce Evidence that the Guns were Operable or Previously Discharged, the Government Should Be Permitted to Introduce Evidence that One of the Guns Was Loaded**

Two guns, a .25 caliber Beretta and a .25 caliber Titan, were recovered from the apartment where the defendant was arrested. The Titan was loaded with seven .25 caliber bullets. Also contained in a bag with the guns were 17 loose .25 caliber bullets and two boxes of ammunition containing 100 .25 caliber bullets. The Indictment charges the defendant with possessing firearms and ammunition.

The defendant seeks to preclude the Government from introducing evidence that the firearms were loaded, operable, or previously discharged. The Government agrees not to introduce evidence that either gun was previously discharged or operable. The Government should be permitted to introduce evidence that one of the guns was loaded, however, as that evidence is relevant and not substantially more prejudicial than probative.

First, the fact that one of the guns was loaded is relevant to show the defendant's control and possession of the

2

gun. The Government expects that a witness will testify that she saw the defendant with the gun on two occasions. On the first occasion, the defendant opened the Titan and showed the witness that it was unloaded. Approximately four days later, when the Titan was recovered by police, it was loaded with seven rounds. The fact that the gun was unloaded, then loaded, demonstrates that the defendant had the gun in his possession and control.

In United States v. Gloster, 185 F.3d 910, 912-914 (1999), the District of Columbia Circuit affirmed a conviction where the defendant objected to evidence that the gun he possessed was loaded. The Court considered the defendant's claim that the gun belonged to another person in determining the relevancy of the evidence that the gun was loaded. Id. at 913. The fact that the gun was loaded, and therefore dangerous, made it less probable that the other person left the gun unattended and more probable that it was left in the possession of the defendant. Id. As these were facts "of consequence to the determination of the action," the evidence that the gun was loaded was relevant. Id. (quoting Fed. R. Evid. 401). In response to the defendant's argument that evidence that the gun was loaded was prejudicial, the Court sated that Rule 403 applies not to mere "prejudice" but only to "the 'danger of unfair prejudice,' and gives the court discretion to exclude evidence only if that danger 'substantially outweigh[s]' the evidence's probative value." Id. at 914 (citation omitted). See also

3

United States v. Brown, 367 F.3d 549, 555 (6th Cir. 2004) (in a felon-in-possession case, affirming district court's admission of evidence that a weapon was loaded over the defendant's objection that because the statute did not require proof of a loaded firearm, permitting the Government to introduce the evidence ran afoul of Federal Rule of Evidence 403).

Without knowing the claims that the defendant will make, the Government presumes that defendant will contend that the gun did not belong to him. The fact that the gun was loaded is probative of the defendant's possession and control of the weapon given the anticipated witness testimony that the gun was unloaded at one point then loaded a few days later.

Further, the Government should be permitted to introduce evidence that the gun was loaded because the defendant has been charged with possessing the bullets that were contained in the gun. The Government is not required to pretend that the bullets were not found or were found somewhere other than inside of a weapon. See United States v. Gartmon, 146 F.3d 1015, 1021 (D.C. Cir. 1998) (Rule 403 "does not generally require the government to sanitize its case, to deflate its witnesses' testimony, or to tell its story in a monotone."). The "different threat of danger" posed by a loaded gun is not so unduly prejudicial that this Court should exclude the fact that the gun was loaded where that evidence is relevant and where the exclusion of that evidence is likely to confuse the jury.

Gloster, 185 F.3d at 913.  Moreover, because the guns were recovered in a bag next to two boxes of bullets and loose ammunition, the jury will be hearing evidence of ammunition.  The defendant is not unfairly prejudiced by evidence that additional bullets were contained in the weapon.  As the defense's position is likely to be that the defendant did not, in fact, possess the guns or ammunition, see Def. Ltr. at 13, the prejudice that he would face is minimal.

**III.     The Government Does Not Object to a Limiting Instruction Concerning the Defendant's Prior Felony Conviction**

The Government does not object to the defendant's request that the Court give a limiting instruction after the stipulation concerning the defendant's prior felony conviction is read into evidence.

**IV.      The Government Agrees Not To Elicit Testimony Concerning Any Sexual Abuse**

Although not separately set forth as a motion in limine, the defendant stated in its letter that it moves to preclude testimony concerning an alleged sexual assault.  See Def. Ltr. at 8.  The Government agrees not to elicit testimony concerning a sexual assault,[1] assuming the defense does not "open the door" to such testimony.

---

[1] Likewise, contrary to the letter from defense counsel, the Government is not contending that the defendant's letter to Ms. Shea was a confession to a sexual assault.  See Def. Ltr. at 13.  The Government will not seek to elicit testimony that the "harm" referred to in that letter related to a sexual assault.

5

## **CONCLUSION**

For the reasons set forth above, the Government respectfully requests that the Government be permitted to introduce evidence that one of the guns was loaded.

                              Respectfully submitted,

                              MICHAEL J. GARCIA
                              United States Attorney

By:     /s/ Rebecca A. Rohr
         Rebecca A. Rohr
         Kevin Puvalowski
         Assistant U.S. Attorneys
         (212) 637-2531 / 2311

CERTIFICATE OF SERVICE

  I, Rebecca Rohr, declare that I am employed in the Office of the United States Attorney for the Southern District of New York, and on August 21, 2008, I caused a copy of the attached Government's Motion in Limine to be served by electronic notification to the following counsel:

    Peggy M. Cross, Esq.
    Federal Defenders of New York
    52 Duane Street, 10th Floor
    New York, NY 10007

  I declare under penalty of perjury that the foregoing is true and correct.  28 U.S.C. Section 1746.

Dated:  New York, New York
     August 21, 2008

              /s/ Rebecca Rohr
              REBECCA ROHR
              Assistant United States Attorney